IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| In re: § | |
| § | EP-11-mc-365-KC |
| STEPHEN PATRICK TULLIUS, d/b/a § | |
| PREMIUM BLUE RIBBON HOMES, § | |
| LLC, d/b/a BLUE RIBBON HOMES, § | |
| d/b/a ELEVEN-SEVENTEEN, LLC, § | |
| d/b/a BR PRODUCTS & SERVICES, § | |
| LLC, d/b/a BUSINESS MASTERY § | |
| GROUP, LLC, § | |
| § | |
| Debtor. § | |

**ORDER**

On this day, the Court considered Movants La Tierra Interiors, Inc. and La Tierra Solid Surfaces, LLC's Motion for Leave to Appeal ("Motion"), ECF No. 1. For the reasons set forth herein, the Motion is **DENIED** and the case is **DISMISSED**.

I.   BACKGROUND

This matter is before the Court on the motion of La Tierra Interiors, Inc. and La Tierra Solid Surfaces, LLC's ("Movants") for leave to appeal two interlocutory orders of the Bankruptcy Court of the Western District of Texas pursuant to 28 U.S.C. § 158(a)(3). Mot. 1. Movants are claimants, creditors, and parties in interest in an underlying Chapter 13 bankruptcy case, Bankruptcy Case No. 11-30382-HCM. Mot. 1. On May 25, 2011, Movants served a subpoena for a Rule 2004 Examination on Washington Federal Savings ("WFS") seeking financial records of both Stephen Patrick Tullius ("Debtor"), the debtor in the underlying bankruptcy proceeding, and Edward Dean Lapuma, a non-party to the bankruptcy proceeding.

1

Mot. 1; WFS's Answer in Opp'n to La Tierra Interiors, Inc. and La Tierra Solid Surfaces, LLC's Mot. for Leave to Appeal ("Opp'n") 1, ECF No. 1-3.  WFS is not a party to the underlying Bankruptcy case.  Opp'n 1.

WFS filed a motion to quash the subpoena on June 9, 2011.  Mot. 2; *see also* WFS's Motion to Quash Subpoena for Rule 2004 Examination, *In re Stephen Patrick Tullius*, Case No. 11-30382-HCM (Bankr. W.D. Tex. 2011) ("Motion to Quash"), ECF No. 22.  The Bankruptcy Court granted in part and denied in part the Motion to Quash at a hearing on June 29, 2011.  Order Regarding WFS's Motion to Quash Subpoena for Rule 2004 Examination at 2, *In re Stephen Patrick Tullius*, Case No. 11-30382-HCM (Bankr. W.D. Tex. 2011) ("Motion to Quash Order"), ECF No. 39; *see also* Mot. 2-3.  Although the Bankruptcy Court denied the Motion to Quash as to documents related to Debtor, the court granted the Motion to Quash and quashed the subpoena "as to any and all documents relating to personal or business accounts for which [Debtor] is not an authorized signatory party."  Mot. to Quash Order 2.  The Bankruptcy Court also ordered Movants to pre-pay WFS's costs of compliance with the subpoena as a prerequisite for obtaining production.  *Id.*

On July 26, 2011, Movants received what they claim was defective production from WFS.  Mot. 4; Reply to Response of WFS to Motion to Compel and For Sanctions at 2, *In re Stephen Patrick Tullius*, Case No. 11-30382-HCM (Bankr. W.D. Tex. 2011) ("Motion to Compel Reply"), ECF No. 38.  That same day, Movants served WFS with a motion to compel its compliance with the Bankruptcy Court's Motion to Quash Order.[1]  *See* Motion to Compel

---

[1] Movants claim the Motion to Compel sought documents that were the subject of the original subpoena.  Mot. 4.  WFS, on the other hand, states that the Motion to Compel sought

Compliance With Court Order, and For Sanctions, *In re Stephen Patrick Tullius*, Case No. 11-30382-HCM (Bankr. W.D. Tex. 2011) ("Motion to Compel"), ECF No. 34; *see also* Order Regarding Motion to Compel WFS's Compliance with Court Order and for Sanctions, *In re Stephen Patrick Tullius*, Case No. 11-30382-HCM (Bankr. W.D. Tex. 2011) ("Motion to Compel Order"), ECF No. 40.  Movants' Motion to Compel also included a request for sanctions.  Mot. to Compel 5. In August, the Bankruptcy Court denied Movants' Motion to Compel and ordered Movants' counsel to pay $1,000 to WFS's counsel for attorney's fees and expenses incurred in responding to Motion to Compel.  Mot. to Compel Order 1-2.

The Bankruptcy Court entered its Motion to Quash Order and Motion to Compel Order (collectively "Discovery Orders") on August 3, 2011.  *See* Mot. to Quash; Mot. to Compel. Movants seek interlocutory appeal of the Discovery Orders.  *See* Mot.

## II. DISCUSSION

### A. Standard

Title 28 U.S.C. § 158(a)(3) gives district courts jurisdiction to hear appeals from interlocutory orders of bankruptcy courts. 28 U.S.C. § 158(a)(3).  District courts have discretion to decide whether to allow such interlocutory appeals.  *See id.*; *see also In re Tex. Extrusion*

---

"additional production." Opp'n 2.  Although the Bankruptcy Court's Motion to Compel Order suggests that the Motion to Compel demanded compliance with the Motion to Quash Order,  it also suggests that Movants requested additional documents outside the scope of the Motion to Quash Order. Order Regarding Motion to Compel WFS's Compliance with Court Order and for Sanctions at 1, *In re Stephen Patrick Tullius*, Case No. 11-30382-HCM (Bankr. W.D. Tex. 2011) ("Motion to Compel Order"), ECF No. 40 ("[T]he parties are directed to attempt to resolve, by agreement, the requests for *additional documents* set forth by La Tierra in its Reply . . .") (emphasis added).

*Corp.*, 844 F.2d 1142, 1156 (5th Cir. 1988) (explaining that "district court has discretion to allow" an interlocutory appeal).  However, "[b]ecause interlocutory appeals interfere with the overriding goal of the bankruptcy system . . . they are not favored." *In re Hunt*, 57 B.R. 371, 372 (N.D. Tex. 1985) (internal citations omitted) (citing *Katchen v. Landy*, 382 U.S. 323, 328 (1966); *In re Durensky*, 519 F.2d 1024, 1028 (5th Cir.1975)).

In determining whether to grant leave to appeal an interlocutory order from a bankruptcy court, courts in the Fifth Circuit use the standard under 28 U.S.C. § 1292(b), which governs interlocutory appeals from district court orders.  *See Matter of Ichinose*, 946 F.2d 1169, 1177 (5th Cir. 1991) (assuming without deciding the § 1292(b) test applies); *In re Moerbe*, No. 03-57260-LMC, 2005 WL 3337634, at *3 (W.D. Tex.  Sept. 1, 2005).[2]  Under § 1292(b), interlocutory appeals are appropriate where "a controlling issue of law [is] involved; . . . the question [is] one where there is substantial ground for difference of opinion; and . . . an immediate appeal [would] materially advance the ultimate termination of the litigation." *Moerbe*, 2005 WL 3337634, at *3.

### B. Analysis

In the instant case, Movants challenge the substance of the Discovery Orders in an

---

[2] *See also Mire v. Guillory*, No. 11–0679, 2011 WL 3468901, at *5 n.5 (W.D. La. Aug. 3, 2011); *B-Real, LLC v. Rogers*, No. 09-15-JJB, 2009 WL 1207978, at *1 (M.D. La. 2009); *Goldin Assocs., LLC v. Central Boat Rentals, Inc.*, No. 07-1805, 2008 WL 1782284, at *2 (W.D. La. Apr. 18, 2008); *Chambers v. First United Bank*, No. 4:08-mc-007, 2008 WL 5141264, at *1 (E.D. Tex. Dec. 5, 2008); *Smith v. AET Inc., Ltd.*, Nos. C-07-123, C-07-124, C-07-126, 2007 WL 1644060, at *5 (S.D. Tex. June 4, 2007).

apparent effort to compel production of Debtor's financial records.[3]  Mot. 7-8.  In opposition, WFS argues that the Court should decline to find jurisdiction because Movants' interlocutory appeal does not meet § 1292(b)'s requirements.[4]  Opp'n 5.

An interlocutory order is one which does not "resolve a discrete issue in the pending litigation." *In re Red River Energy, Inc.*, 415 B.R. 280, 284 (S.D. Tex. 2009). The Bankruptcy Court's Discovery Orders concern a nondispositive discovery dispute and do not "end a discrete judicial unit" in the litigation. *See Matter of England*, 975 F.2d 1168, 1172 (5th Cir. 1992). They are therefore interlocutory orders. *See In re Tex. Bumper Exchange, Inc.*, 333 B.R. 135, 138 (Bankr. W.D. Tex. 2005) (finding that order on motion to compel discovery is interlocutory); *In re Miles*, No. 3:05-CV-0828-P, 2005 WL 1981040, at *4 (N.D. Tex. Aug. 17, 2005) ("[A] bankruptcy court ruling on a . . . request for discovery is . . . an interlocutory order").

District courts in the Fifth Circuit are hesitant to grant leave to appeal interlocutory orders

---

[3] Movants also challenge the Bankruptcy Court's authority to order payment of fees and expenses.  Mot. 7-8.  Assuming without deciding that an interlocutory appeal of this issue would be appropriate, Movants' claim would nonetheless fail, since Bankruptcy Courts have broad power to impose sanctions for discovery abuse, including awards of attorney's fees. *In re Snyder*, No.  94-60572, 1995 WL 241797, at *1 (5th Cir. Apr. 12, 1995) ("In determining whether to impose sanctions in a discovery dispute, the bankruptcy court has considerable discretion."); *see also* Fed. R. Civ. P. 37(b)(2)(C); Fed. R. Bankr. P. 7037.

[4] WFS also claims Movants' Motion is not timely.  Opp'n 3. According to WFS, "any motion for leave to file an appeal . . . was due on August 17, 2011 . . . Movants did not file the Motion for L [sic] until August 18, 2011." *Id.*  However, Movants' Motion was, in fact, filed on August 17, 2011.  *See* Mot. for Leave to Appeal, *In re Stephen Patrick Tullius*, Case No. 11-30382-HCM (Bankr. W.D. Tex. 2011), ECF No. 48. Although the Bankruptcy Court did not enter the Motion until August 18, 2011, Movants' Motion was nevertheless timely filed.

relating to discovery. *See, e.g., In re Supplement Spot, LLC*, No. H-09-1144, 2009 WL 1343165 (S.D. Tex. May 12, 2009) (denying leave to appeal order denying motion for sanctions for discovery abuses); *In re Butan Valley, N.V.*, No. H-09-0066, 2009 WL 94833 (S.D. Tex. Jan. 13, 2009), *aff'd* 327 F. App'x 523 (5th Cir. 2009) (denying leave to appeal order denying motion to compel discovery); *In re Louisiana Route Operators Inc.*, No. 94-2647, 1994 WL 449373 (E.D. La. Aug. 17, 1994) (denying leave to appeal order denying motion to quash subpoena duces tecum). Often, discovery orders do not involve controlling issues of law, nor would their appeal materially advance termination of the underlying litigation. *See Ramsay v. Bailey*, 531 F.2d 706, 708 (5th Cir. 1976) (holding that interlocutory appeal of discovery order on a "side issue" was "frivolous"); *Butan Valley*, 2009 WL 94833, at *1 (finding that discovery orders did not meet § 1292(b) requirements); *Supplement Spot*, 2009 WL 1343165, at *1 (same). Indeed, permitting interlocutory appeals from discovery orders would likely "open the door to multiple appeals, thereby offending the policy against 'piecemeal litigation.'" *Louisiana Route Operators*, 1994 WL 449373, at *2. Thus, "interlocutory appeals from discovery . . . orders are generally inappropriate." *Supplement Spot*, 2009 WL 1343165, at *1 (citing *Cunningham v. Hamilton Cnty*, 527 U.S. 198, 208-9 (1999); *Williams v. Midwest Emp'rs Cas. Co.*, 243 F.3d 208, 209 (5th Cir. 2001); *Click v. Abilene Nat'l Bank*, 822 F.2d 544, 545 (5th Cir. 1987)); *see also Honig v. E.I. duPont de Nemours & Co.*, 404 F.2d 410, 410 (5th Cir.1968) ("[A] discovery order incident to a pending action is not subject to appeal.").

This precedent controls the instant case. The Discovery Orders present no controlling issue of law upon which there is substantial ground for disagreement. Instead, they simply address ordinary issues of production involved in the discovery process. Thus, the Discovery

Orders were "merely an exercise of a sound judicial discretion." *J.C. Trahan Drilling Contractor, Inc. v. Sterling*, 335 F.2d 65, 66 (5th Cir. 1964).

Moreover, an appeal from the Discovery Orders would not materially advance the ultimate termination of the bankruptcy litigation. Although the Discovery Orders involve document production, Movants do not specify how an interlocutory appeal will "streamline issues to simplify discovery." *See In re Stewart*, No. 09-3521, 2009 WL 2461672, at *2 (E.D. La. Aug. 7, 2009); *see also U.S. ex rel. Branch Consultants, L.L.C. v. Allstate Ins. Co.*, 668 F. Supp. 2d 780, 813 (E.D. La. 2009) ("[M]oving party bears the burden of demonstrating that interlocutory appeal is appropriate."). There is also no indication that resolution of the appeal will "eliminate the need for trial [or] eliminate complex issues." *In re Stewart*, No. 09-3521, 2009 WL 2461672, at *2. Indeed, the disruptive effect of the appeal seems to outweigh the benefits, as negotiations regarding production are apparently ongoing. *See* Mot. to Compel 1 ("[T]he parties are directed to attempt to resolve, by agreement, the requests for additional documents"); *see also Red River Energy*, 415 B.R. at 286 (holding that a court must "weigh the disruptive effect of an immediate appeal on the Bankruptcy Court proceedings against the probability that resources will be wasted in allowing those proceedings to go forward."). The Discovery Orders are therefore not appealable interlocutory orders under § 158(a)(3).

### i.     **Collateral Order, or *Cohen* Doctrine**

The Discovery Orders could potentially be appealed under the collateral order doctrine, or *Cohen* doctrine. The Court therefore considers the doctrine's applicability.

According to the *Cohen* doctrine, interlocutory decisions which "finally determine claims of right separable from, and collateral to, rights asserted in the action" are appealable. *Cohen v.*

*Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949).  The *Cohen* doctrine applies to orders which "(1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) [are] effectively unreviewable on appeal from a final judgment." *In re Delta Servs. Indus.*, 782 F.2d 1267, 1272 (5th Cir. 1986) (citing *Gibbs v. Paluk*, 742 F.2d 181, 183 (5th Cir.1984)) (internal quotations omitted).  An order must satisfy all of these requirements to be appealable under the *Cohen* doctrine. *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 276 (1988).

It should be noted that the "collateral order doctrine is 'extraordinarily limited' in its application." *La. Ice Cream Distribs., Inc. v. Carvel Corp.*, 821 F.2d 1031, 1033 (5th Cir. 1987) (quoting *Pan E. Exploration Co. v. Hufo Oils*, 798 F.2d 837, 839 (5th Cir.1986)).  Thus, appeals under the *Cohen* doctrine should only be granted in extraordinary circumstances where the interest in "avoid[ing] protracted and expensive litigation" overrides the general public policy against allowing such appeals. *Mire*, 2011 WL 3468901, at *5 n.5 (citing *Clark–Dietz & Assoc. v. Basic Constr.*, 702 F.2d 67, 69 (5th Cir. 1983)).

"[A]s a general rule, discovery orders are not appealable" collateral orders. *Goodman v. Harris Cnty*, 443 F.3d 464, 468 (5th Cir. 2006).  However, discovery orders have been appealed under the *Cohen* doctrine in certain limited circumstances.  In *Wiwa v. Royal Dutch Petroleum Co.*, the Fifth Circuit held that the *Cohen* doctrine permitted the interlocutory appeal of a denial of a discovery motion by a district court in the Fifth Circuit. *See* 392 F.3d 812, 812 (5th Cir. 2004).  That case was unique because the discovery motion was directed at a non-party to the underlying litigation, which was pending in the Second Circuit. *Id.*  The Fifth Circuit based the decision on the fact that the discovery order conclusively decided a disputed issue which was

otherwise unreviewable through appeal. *Id.* at 816-17.

The instant case is distinguishable. First, unlike the discovery orders in *Wiwa*, the Discovery Orders do not conclusively determine an issue before the Bankruptcy Court. In *Wiwa*, the only controversy at issue in the case was the discovery dispute itself. *Id.* at 816. Therefore, the district court's denial of the discovery motion conclusively resolved the sole controversy before the court, thus fulfilling the first *Cohen* factor. *Id.* Here, there are multiple issues remaining before the Bankruptcy Court. Moreover, because the parties are still negotiating production, the Discovery Orders are "inherently tentative" and offer no dispositive solution to Movants' discovery issues, let alone the larger issues pending in the bankruptcy case. *See In re Fox*, 241 B.R. 224, 230 (B.A.P. 10th Cir. 1999); *see also* Mot. to Compel Order 1. The appeal therefore fails the *Cohen* doctrine's first prong.

Additionally, the underlying litigation here is pending in the Western District of Texas, not in a different circuit. Unlike the situation in *Wiwa*, the Discovery Orders can be appealed after a final judgment is entered. *See Matter of Aegis Specialty Marketing Inc. of Alabama*, 68 F.3d 919, 922 (5th Cir. 1995) (holding that *Cohen* doctrine's third prong not met because interlocutory order "would still be reviewable on appeal from final judgment"); *Miles*, 2005 WL 1981040, at *4 ("Typically, a bankruptcy court ruling on a motion for continuance or a request for discovery is regarded as an interlocutory order that can be merged with the final order for appeal purposes."). Therefore, the appeal also fails the third *Cohen* requirement.[5]

Ultimately, since "[n]o exceptional circumstances [justifying] immediate review" are

---

[5] Since the appeal fails both the first and third *Cohen* requirements, the Court need not consider the *Cohen* doctrine's second prong.

9

present, *see Supplement Spot*, 2009 WL 1343165, at *1, the *Cohen* doctrine does not apply. An interlocutory appeal of the Discovery Orders is inappropriate.

III.     **CONCLUSION**

For the foregoing reasons, Movants La Tierra Interiors, Inc. and La Tierra Solid Surfaces, LLC's Motion for Leave to Appeal, ECF No. 1 is **DENIED** and the case is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall close the case.

**SO ORDERED**.

**SIGNED** on this 20th day of October, 2011.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE